UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MINER, LTD,

      Plaintiff,

v.                                            Case No:  6:19-cv-722-Orl-41TBS

JAMES KECK and DURASERV CORP,

      Defendants.

_____

## ORDER

Plaintiff Miner, Ltd. brings this noncompete case against its former employee,

Defendant James Keck, and his current employer, Defendant Duraserv Corp. (Doc. 1).

Pending before the Court is Duraserv's motion to compel Miner to provide better

responses to its requests for production and interrogatories (Doc. 37). Miner has filed a

response in which it argues that the motion should be denied because it has already

produced over 700 pages of responsive documents, the motion does not comply with

Local Rule 3.04(a), the discovery is overbroad, and many of Duraserv's discovery

concerns are otherwise moot (Doc. 39).

Local Rule 3.04(a) provides:

> A motion to compel discovery pursuant to Rule 36 or Rule 37,
> FED. R. CIV. P., shall include quotation in full of each
> interrogatory, question on deposition, request for admission,
> or request for production to which the motion is addressed;
> each of which shall be followed immediately by quotation in
> full of the objection and grounds therefor as stated by the
> opposing party; or the answer or response which is asserted
> to be insufficient, immediately followed by a statement of the
> reason the motion should be granted. The opposing party
> shall then respond as required by Rule 3.01(b) of these rules.

M.D. FLA. R. 3.04(a). Duraserv's motion violates the rule because it does not provide a

statement explaining the reasons why the motion to compel each request and interrogatory should be granted. Consequently, except for requests for production numbered 18, 21, 22, 35-37, and interrogatories numbered 5-10 and 13 (collectively the "Discovery"), Duraserv's motion to compel is **DENIED without prejudice**. Duraserv has sufficiently argued the following concerns about the Discovery.

Miner interposed thirteen "General Objections" to the requests for production and interrogatories (Doc. 37-2 at 1-4). These "General Objections" include objecting "to each interrogatory and request to the extent it is overly broad, unduly burdensome, irrelevant, and/or not proportional to the needs of this case" and "to the extent it requires disclosure of documents and information relating to matters not raised by Miner's Complaint on the grounds that such information is not relevant to the subject matter of this proceeding." (Doc. 37-2, ¶¶ 4-5). All of Miner's "General Objections" are overruled. As the Court has explained before in other cases "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." As the court observed in Liguria Foods, Inc. v. Griffith Laboratories, Inc., No. C 14-3041-MWB, 2017 U.S. Dist. LEXIS 35370, at *32 (N.D. Iowa Mar. 13, 2017), "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at *36 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916).

Whether made as a "General Objection," or in direct response to a request for production or interrogatory "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 693685, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Courts routinely reject such boilerplate objections. Polycarpe v. Seterus, Inc., No. 6:16-cv-1606-Orl-37TBS, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) (collecting cases). Miner's boilerplate objections to the Discovery are overruled.

Miner violated Fed. R. Civ. P. 34(b)(2)(C) which states that: "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Within 14 days from the rendition of this Order Miner shall inform Duraserv in writing whether any material responsive to the Discovery has been withheld.

Some of Miner's responses to the Discovery consist of objections followed by a statement that "[s]ubject to and without waiving the foregoing objections, Miner will … at a mutually agreeable time after a protective order is executed, filed and approved by the court." (Doc. 37-2 at 7-11). Complying with written discovery "subject to," or "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971 at *4 (M.D. Fla. Mar. 31, 2015), quoting Martin v. Zale Del., Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec.25, 2008); Polycarpe at 4 (collecting cases). Now, the Court finds that Miner has waived its objections to the Discovery to the extent it said it would provide information "subject to" and "without waiving the foregoing objections." See

<u>Wyndham Hotels and Resorts, LLC v. Leisure Getaway, Inc.</u>, No. 6:17-cv-501-Orl-31GJK, 2018 WL 3827652, *3 (M.D. Fla. Feb. 28, 2018). Miner shall provide the information requested in the Discovery, that was objected to on this basis, within 14 days from the rendition of this Order.

The parties have been unable to agree on the relevant time period for discovery. Some of Duraserv's requests seek information from "the Last 10 Years Through The Present" (Doc. 37-2 at RFP 22). In its motion, it argues that it is entitled to documents for the entire seven-year period Keck worked for Miner (Doc. 37 at 7). Miner counters that Keck "is prohibited from soliciting entities who were customers of Miner within two (2) years prior to the termination of Keck's employment with Miner. Any information outside of this time frame is wholly irrelevant." (<u>Id.</u>, at 13). The Court doesn't agree with either party. The relevant time frame depends upon the information being sought. For example, if the discovery concerns the training Keck received while employed by Miner, then the entire period of his employment is relevant. On the other hand, if the discovery concerns the customers Keck promised not to solicit after leaving Miner's employ, then at least for now, the two years prior to his termination is the relevant period. The parties should, through the application of common sense, be able to work this out between themselves. If they fail, then a more detailed motion will be required.

Miner objects to much of the Discovery on the ground that "it seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence." (<u>Id</u>. at 12). Since FED. R. CIV. P. 26 was amended in 2015 the general scope of discovery has been:

> **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The comments to the rule explain:

The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making clear that "'relevant' means within the scope of discovery as defined in this subdivision ..." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments. It is replaced by the direct statement that "Information within this scope of discovery need not be admissible in evidence to be discoverable." Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery

Advisory Committee Notes, 2015 Amendment. Miner's objections that the Discovery "seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence" are overruled because they are boilerplate and not a correct statement of the scope of discovery. Miner shall provide the information requested in the Discovery, that was objected to on this basis, within 14 days from the rendition of this Order.

Duraserv seeks an award of its attorney's fees in connection with this motion. If a motion to compel is granted, the court must ordinarily award the movant its reasonable

expenses, including attorney's fees, incurred to bring the motion. FED. R. CIV. P. 37(a)(5).

The Rule recognizes three exceptions:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). This is an instance in which both parties violated the applicable rules. Therefore, the Court finds that it would not be just to award fees in connection with this motion.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties